# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRORERE SUMMERS, <br><br> Plaintiff, <br><br> v. <br><br> HOWARD UNIVERSITY HOSPITAL, <br><br> Defendant. | Case No: 16-cv-01953-RCL |

## MEMORANDUM OPINION

On September 30, 2016, plaintiff Irorere Summers filed suit under Title VII of the Civil Rights Act against defendant Howard University Hospital. Ms. Summers amended her complaint on October 14, 2016. ECF No. 4. In her Amended Complaint, Ms. Summers alleges that on or about June 11, 2014, she filed a formal Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the D.C. Office of Human Rights. Plaintiff further alleges the EEOC issued her a Notice of Right to Sue on March 23, 2016. The Amended Complaint asserts three claims for relief: (1) the defendant unlawfully discriminated against the plaintiff on the basis of her national origin in violation of Title VII; (2) the defendant discriminated against the plaintiff on the basis of her disability; and (3) the defendant unlawfully retaliated against the plaintiff on the basis of her national origin and disability.

Defendant moved to dismiss all claims[1] pursuant to Rule 12(b)(6), on the basis that the plaintiff's Complaint was untimely filed and, in the alternative, that the plaintiff failed to state any

---

[1] Defendant provided notice that the Motion to Dismiss could be converted to a Motion for Summary Judgment at the Court's discretion.

1

claim upon which relief may be granted. ECF No. 11. For the reasons stated below, the Court **GRANTS** the Motion to Dismiss.

Under Title VII, a plaintiff must file a civil action within 90 days of receiving notice from the EEOC of a right to sue. *See* 42 U.S.C. § 2000e–5(f)(1). The 90-day time limit is not jurisdictional; rather it is functions like a statute of limitations and may be raised in a pre-answer dispositive motion. See *Smith–Haynie v. Dist. of Columbia*, 155 F.3d 575, 577–79 (D.C. Cir. 1998). Courts strictly construe the 90-day deadline and will dismiss suits filed even one day late. *See, e.g., Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007); *Wiley v. Johnson*, 436 F.Supp.2d 91, 96 (D.D.C. 2006).

Here, the plaintiff acknowledged that her right to sue letter was issued March 23, 2016. Plaintiff filed her Complaint in this Court on September 30, 2016, well beyond the 90-day requirement. Assuming the Court presumed that the plaintiff received the right to sue letter five days after it was issued, *see Washington v. White*, 231 F. Supp. 2d 71, 75 (D.D.C. 2002), the plaintiff filed suit approximately 192 days after the letter was issued and 96 days after the limitations period expired.

Plaintiff argues that the suit should not be dismissed as untimely because she attempted to file suit within the 90-day time limit and the Court should grant her "special leniency." ECF No. 14 at 8. The Amended Complaint reads as follows: "On May 20th 2016 a complaint was filed, within 90 days after Plaintiff received the Notice of Right to Sue on her EEOC complaint. This complaint was returned unfiled due to its failure to comply with the requirements of the court." ECF No. 4 at ¶ 6. Plaintiff provides no further color in her Amended Complaint as to why her original unfiled complaint failed to comply with court requirements, does not provide the date that

2

the court allegedly rejected the unfiled complaint, and why her suit was only filed on the docket over 4 months later.

In her Opposition to the Motion to Dismiss, the plaintiff asserts that she was proceeding *pro se* at the time, but again fails to provide any explanation for why the filing was inadequate. She does allege that the Complaint was only filed in September because of "significant time lapse by the court" in returning her unfiled complaint and due to "further delay [] caused by the postal service forwarding the mail after [she] relocated [from D.C. to Illinois]." ECF No. 14 at 8. Given those alleged facts, the plaintiff asks the Court to equitably toll the statute of limitations.

The court's equitable power to toll statutes of limitations "will be exercised only in extraordinary and carefully circumscribed instances." *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988). Plaintiffs bear the burden of pleading and proving that the court should exercise its equitable power. *Bayer v. U.S. Dep't of Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992). They must demonstrate that they exercised due diligence; courts will not excuse what amounts to a "garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Here, the plaintiff has not justified equitable tolling. She provides no concrete evidence as to why her alleged original complaint was returned unfiled. She does not explain why she failed to inform the court of her move, which could have allowed future correspondence to reach her faster. And she does not appear to have followed up with the court to confirm whether her complaint was filed. Plaintiff provides no evidence to indicate that she diligently pursued her claim and her argument for equitable tolling does not rise above a "garden variety claim of excusable neglect." That plaintiff was proceeding *pro se* does not excuse her lack of diligence in

3

this case. *See Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp. 94, 97 (D.D.C. 1995); *Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 173 (D.D.C. 2011).

Accordingly, in the absence of equitable tolling, dismissal of the plaintiff's suit as barred by the statute of limitations is appropriate. The Court therefore **GRANTS** the defendant's Motion to Dismiss, ECF No. 11, on those grounds and need not address whether the plaintiff has stated a claim upon which relief can be granted. The case is **DISMISSED**. A separate Order accompanies this Memorandum Opinion.

It is **SO ORDERED.**

Date: March 7, 2018

Royce C. Lamberth
United States District Judge